**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4234**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTOINE JAMEL HENDERSON,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, District Judge. (1:18-cr-00189-RDB-1)

Submitted: September 26, 2019                   Decided: September 30, 2019

Before NIEMEYER and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Gregory Dolin, UNIVERSITY OF BALTIMORE SCHOOL OF LAW, Baltimore, Maryland, for Appellant. Joan Castleton Mathias, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antoine Jamel Henderson pled guilty, pursuant to a plea agreement, to an information charging him with conspiracy to distribute and possess with intent to distribute 40 grams or more of a mixture and substance containing a detectable amount of fentanyl, in violation of 21 U.S.C. § 846 (2012). The district court sentenced Henderson to 168 months' imprisonment. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning: (1) whether trial counsel rendered ineffective assistance; (2) whether Henderson admitted all elements of the offense; and (3) whether Henderson's sentence is reasonable. The Government has moved to dismiss the appeal as untimely.

A criminal defendant must file his notice of appeal within 14 days of the entry of the judgment. Fed. R. App. P. 4(b)(1)(A). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to 30 days to file a notice of appeal. Fed. R. App. P. 4(b)(4). Although the appeal period in a criminal case is a claim-processing rule, not a jurisdictional provision, *see United States v. Urutyan*, 564 F.3d 679, 685 (4th Cir. 2009), "[w]hen the Government promptly invokes the rule in response to a late-filed criminal appeal, we must dismiss," *United States v. Oliver*, 878 F.3d 120, 123 (4th Cir. 2017).

The district court entered judgment on March 21, 2019. Henderson filed his notice of appeal on April 6, 2019, two days after the expiration of the appeal period. Because Henderson failed to file a timely notice of appeal or to obtain an extension of the appeal

2

period, we grant the Government's motion and dismiss the appeal as untimely.[*] This court requires that counsel inform Henderson, in writing, of the right to petition the Supreme Court of the United States for further review. If Henderson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Henderson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] Because we dismiss the appeal as untimely, we need not consider the Government's alternative motion to dismiss the appeal as barred by the appellate waiver in Henderson's plea agreement.